DA 09-0302

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 23N

WILLIAM R. BARTH, JR. and PARADISE
VALLEY FORD LINCOLN MERCURY, INC.,

        Plaintiffs and Appellees,

   v.

CEASAR JHA and NEW LIVINGSTON
FORD, LINCOLN MERCURY, INC.,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV 2006-087
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Edward J. Guza, Guza, Williams & Nesbitt, PLLC, Bozeman, Montana

            Gary C. Davenport, McGloin, Davenport, Severson and Snow,
Professional Corporation, Denver, Colorado

        For Appellee:

            Rodd A. Hamman, Calton, Hamman & Wolff, Billings, Montana

Submitted on Briefs:  January 7, 2010

Decided:  February 3, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     William Barth, Jr. (Barth) and his corporation, Paradise Valley Ford Lincoln Mercury, Inc. (Paradise Valley), sued Ceasar Jha (Jha) and his corporation, New Livingston Ford Lincoln Mercury, Inc. (New Livingston) for specific performance of a December 2003 sales contract. During the course of the proceedings, both parties moved for summary judgment. The Sixth Judicial District Court granted Barth's motion for summary judgment, denied Jha's motion, and ordered Jha to specifically perform the terms of the sales contract and pay Barth's attorney fees. Jha and New Livingston appeal. We affirm.

## ISSUES

¶3     A restatement of the issues on appeal is:

¶4     Did the District Court correctly grant summary judgment to Barth?

¶5     Did the District Court correctly rule that Barth was entitled to attorney fees?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     Jha owned real property in Livingston, Montana, upon which New Livingston owned and operated a Ford automobile dealership. During Jha's ownership, Jha

borrowed funds from the Berg family and First Interstate Bank (FIB). These loans were secured by trust indentures on Jha's real property.

¶7 In July 2003, Jha entered into an agreement to sell the real property and the dealership to Phil Wolf and Wolf's Livingston Ford dealership. However, when Ford rejected Wolf's dealership application, Jha looked elsewhere for a buyer. On December 31, 2003, Jha entered into a contract to buy and sell real estate (Real Estate Agreement) to sell the underlying real property to Barth for $575,000, and New Livingston entered into a Buy-Sell Agreement to sell the dealership to Paradise Valley for $860,000. Both sales were scheduled to close on January 30, 2004, but by written agreement of the parties, the closing date was extended to February 20, 2004. Jha intended to pay off the Berg family and FIB debts at closing.

¶8 Wolf sued Jha in January 2004 for specific performance of the July 2003 sales agreement, and recorded a lis pendens on the real property producing a cloud on Jha's title. Jha learned of the lis pendens on the morning of the February 20 closing with Barth.

¶9 Upon discovering that Jha did not have clear title to the property, the parties nonetheless decided to proceed to closing under alternative arrangements. They therefore executed an amendment to each cash sales contract converting the sales to installment purchase arrangements. This was done to give Jha time to resolve Wolf's lis pendens before having to transfer title to Barth. Under the amended contracts Paradise Valley paid $485,000 down on the dealership and Barth paid $5,000 down on the real property.

3

A monthly installment payment plan was calculated for both Paradise Valley and Barth with an interest rate of 4%.

¶10 Later that day, Jha asserted he had not read the amended contracts before he signed them and that after reading them he was dissatisfied with the arrangements and destroyed his copies of the documents. He claims he asked Barth to do the same. That afternoon, Jha presented a lease agreement to Paradise Valley under which Paradise Valley would commit to making monthly lease payments until a later sale would take place. This lease agreement was signed by both Jha and Barth, on behalf of Paradise Valley. Barth claims that Jha indicated the lease agreement was for insurance purposes only, and that the lease payments need not be paid. Jha disputes this. Paradise Valley and Barth subsequently paid the purchase installment payments for April and May as required by the amended contracts, but did not make any lease payments. Jha and New Livingston accepted the installment payments.

¶11 Ultimately, Barth learned that Jha was not making payments to the Bergs or FIB. With Jha's knowledge, and in an effort to pave the way to clear title, Barth paid off Jha's debt to Bergs in the sum of $303,486.93, and later purchased the FIB debt for $572,500.00. This left the lis pendens for resolution. Once the Wolf lis pendens and yet another lien against Jha were resolved, the parties attempted to agree on a payoff calculation, giving Barth credit for the Berg and FIB payments. However, the parties could not agree regarding the lease, with Jha insisting that almost $177,000 in back lease payments were also due.

4

¶12　The title company and the parties exchanged payoff calculations. Once the title company arrived at a figure (exclusive of the lease payments) and Barth tendered that figure, Jha refused to place a deed in escrow. Barth therefore sued for specific performance, and in turn, Jha counter-claimed for breach of the lease agreement.

¶13　Subsequently, Barth and Paradise Valley moved for summary judgment and Jha and New Livingston moved for partial summary judgment. The District Court granted Barth's motion and denied Jha's. The court issued an 18-page detailed order in which it concluded that the amended sales contracts executed by the parties on February 20, 2004, were binding contracts that could be modified only by a subsequent written agreement or a fully executed oral agreement. The court also concluded that Jha breached that contract when he failed to deposit the deed into escrow and failed to sign the escrow agreement with the title company as required by the contract. Furthermore, Jha had agreed to keep the property free of additional encumbrances, but allowed a subsequent creditor to encumber the property with a judgment lien and granted a law firm a trust indenture further encumbering the property—both of which constituted breaches.

¶14　The District Court further ruled that Jha could not sue Barth for breach of the lease agreement between Paradise Valley and Jha because Barth was not a party to the lease. Moreover, the court determined that the "prior sale of the property by contract for deed to Barth rendered the subsequent lease to Paradise Valley void as a matter of law." The court also rejected Jha's argument that the alleged payoff calculation dispute justified his failure to perform and breach of the contract. Finally, the court awarded attorney fees to Barth under the contract.

¶15 Jha and New Livingston appeal the foregoing District Court rulings.

## STANDARD OF REVIEW

¶16 We review a district court's grant or denial of summary judgment de novo applying the same criteria of M. R. Civ. P. 56 as did the district court. *Smith v. Burlington Northern & Santa Fe Ry.*, 2008 MT 225, ¶ 10, 344 Mont. 278, 187 P.3d 639 (citations omitted).

## DISCUSSION

¶17 Jha argues that the District Court erroneously granted summary judgment to Barth. He asserts the following errors: (1) the court wrongly decided that the lease agreement was void; (2) the court wrongly accepted Barth's calculation of the payoff balance; and (3) the court wrongly awarded attorney fees to Barth premised upon the court's incorrect conclusion that Jha breached the contract. We address each claim of error.

¶18 *Lease Agreement*. First, Jha argues that the District Court should have ruled on the legality of the lease based on the four corners of that document alone, and without reference to outside agreements. Barth counters that a lease agreement merely gives to a tenant an owner's possession of a premises. Barth asserts that since he already had full possession and equitable ownership under the prior-executed sales contracts, Jha had nothing left to give under a lease agreement. Furthermore, Jha's argument that he canceled the amended sales agreements was wholly without merit because he did not have the authority to unilaterally and orally cancel the signed written contracts.

6

¶19    Relying on *Sears v. Barker*,[1] 126 Mont. 101, 244 P.2d 516 (1952), the District Court correctly reviewed the circumstances surrounding the sale and lease transactions between the parties and correctly concluded that the prior executed amended sales contracts transferred Jha's and New Livingston's interest in the property and the dealership to Barth and Paradise Valley, leaving nothing left to lease. As a result, we affirm the District Court's ruling that the lease was void as a matter of law.

¶20    *Payoff Calculation.* Jha argues that the court improperly resolved the payoff issue on summary judgment because the "calculation involved significant factual issues." Barth counters that the court correctly ruled that Jha's challenge to the payoff balance was both untimely and unsupportable on its merits. Our review of the record supports the court's ruling. There were no material factual disputes to be resolved in the manner in which the payoff balance was calculated. Jha had months in which to dispute the calculated payoff balance between the date it was computed and the date Barth paid it, but he did not do so. Additionally, after suit was filed, he did not raise this claim in a timely manner. We further note the payoff balance was calculated in a reasonable manner and reviewed and corrected by the title company, and that the balance, as calculated, corresponded with the sales contract prices and credits allowed for Barth's payment of Jha's outstanding debts.

¶21    *Breach of Contract and Attorney Fees.* Finally, Jha claims that Barth was not entitled to attorney fees because Jha did not breach the sales contract. The crux of Jha's

---

[1] In *Sears*, a second lease was executed on premises still subject to an earlier lease. The Court ruled that the second lease was void as the landlord had nothing to lease.

argument is that he "did not deposit the deed because there was no sale of the property and because Paradise Valley Ford was breaching the Lease." The record supports the court's determination that a valid amended installment sales contract was executed, possession of the property passed to Barth and Paradise Valley, the subsequent lease agreement was invalid, and Jha breached the amended contract by refusing to perform certain tasks and by allowing additional encumbrances to attach to the property. As the sales contract expressly provided for an award of attorney fees in the event litigation was required to enforce the contract, the court did not err in awarding attorney fees to Barth.

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because there is clearly sufficient evidence to support the District Court's findings of fact and the issues are clearly controlled by settled Montana law which the court correctly interpreted.

## CONCLUSION

¶23 For the foregoing reasons, we affirm and remand this matter to the District Court for a determination and award of Barth's attorney fees and costs incurred by this appeal.

/S/ PATRICIA O. COTTER

We concur:

/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

8